O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LAWRENCE SNOKE, | ) NO. CV 09-2064-TJH (MAN) |
| Petitioner, | ) ORDER DISMISSING PETITION |
| | ) FOR WRIT OF HABEAS CORPUS |
| v. | ) WITHOUT PREJUDICE |
| WARDEN, | ) |
| Respondent. | ) |

Petitioner, a California state prisoner, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on March 25, 2009 ("Petition"). A review of the Petition reveals that Petitioner is not challenging his state conviction or sentence. Rather, Petitioner contends that, since 1977, prison officials have failed to provide him with constitutionally adequate post-operative medical care. (Petition at 1.) He asks that an expert be appointed to "report" on "standardized post-operative conditions of confinement." (*Id.*)

Generally, a state prisoner challenging the fact or duration of his state conviction or sentence on the ground of alleged violations of federal rights, and seeking release from imprisonment as a result, does

1  so by way of a federal habeas corpus petition under 28 U.S.C. § 2254.
2  *See* Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841
3  (1973); Sisk v. Branch, 974 F.2d 116, 117 (9th Cir. 1991).  The "proper
4  remedy for a state prisoner who is making a constitutional challenge to
5  the conditions of his prison life, but not to the fact or length of his
6  custody," is a civil rights action under 42 U.S.C. § 1983, not a habeas
7  action.  Preiser, 411 U.S. at 500, 93 S. Ct. at 1841; *see also* Badea v.
8  Cox, 931 F.2d 573, 574 (9th Cir. 1991).

10      Petitioner attempts to state what is essentially a federal civil
11 rights claim under 42 U.S.C. § 1983 related to his apparent contention
12 that he has not received the level of medical care in prison to which he
13 claims to be entitled.  Petitioner seeks relief -- an order appointing
14 an expert to "report" to prison officials and/or the Court on the level
15 of medical care that should be provided to Petitioner -- that is not
16 available through a habeas action and, instead, must be sought through
17 a complaint brought under 42 U.S.C. § 1983.

19      While the Court may construe a flawed habeas petition as a civil
20 rights action, *see* Willwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct.
21 407, 409 (1971), doing so in this case would be inappropriate, given
22 that:  (1) the Petition was not accompanied by either the $350 filing
23 fee or the required authorization by Petitioner to have the $350 filing
24 fee deducted from his trust account, pursuant to 28 U.S.C. § 1915(b);
25 (2) the Petition was not accompanied by the required declaration in
26 support of a request to proceed without prepayment of the filing fee;
27 (3) the Petition was not accompanied by the required certified copy of
28 Petitioner's trust fund account statement for the preceding six months,

pursuant to 28 U.S.C. § 1915(a)(2); (4) it is not clear that Petitioner has exhausted his administrative remedies as to his claim, a prerequisite to filing a civil rights action;[1] and (5) Petitioner has not named any defendant or identified the capacity in which any defendant is to be sued under 42 U.S.C. § 1983.  Accordingly, the Court believes it appropriate to dismiss the Petition without prejudice, so that, if he wishes to do so, Petitioner may raise his claim though a properly-filed and supported civil rights complaint.

Based upon the foregoing, IT IS ORDERED that Judgment shall be entered dismissing the instant Petition without prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Judgment herein on Petitioner.

DATED: April 6, 2009

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

PRESENTED BY:


         /s/
_____
     MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[1] 42 U.S.C. § 1997e(a) provides that:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) requires exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 531 U.S. 731, 741 n.6, 121 S. Ct. 1819, 1825 n.6 (2001).